967 F.2d 597
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul WRIGHT, Plaintiff-Appellant,
v.
Jim EVANS; Chris Edwardson; William Woodley; Michael T.
Williams, et al., Defendants-Appellees.
 No. 91-35627.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Wright, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of prison officers Evans, Edwardson, and Woodley and dismissal of prison supervisors and administrators Williams, DuCharme, and Riveland for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Wright's 42 U.S.C. § 1983 civil rights complaint alleged that the prison officials violated his due process and first amendment rights by transferring Wright to another cell in the prison in retaliation for Wright's use of the prison grievance system. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Merits
 
 
 4
 A. Prison Supervisors: Williams, DuCharme, and Riveland
 
 
 5
 We review de novo a district court's dismissal of an action for failure to state a claim pursuant to Rule 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id. In civil rights cases, where the petitioner is pro se, the court has an obligation to construe the pleadings liberally and to afford the petitioner any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985).
 
 
 6
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 7
 Liability under section 1983 arises only upon a showing of personal involvement by the defendant in the alleged constitutional violations; there is no respondeat superior liability. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Thus, a supervisor is liable under section 1983 only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 8
 Here, the district court properly concluded that defendants Williams, DuCharme, and Riveland had no direct involvement and dismissed the action against them. See Taylor, 880 F.2d at 1045.
 
 
 9
 B. Prison Guards: Evans, Edwardson, and Woodley
 
 
 10
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 1. Due Process Claim
 
 11
 In his complaint, Wright alleged that the cell transfer violated his due process rights. This claim lacks merit. A due process claim requires that the plaintiff is deprived of a constitutionally protected liberty or property interest. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985). Here, Wright has no constitutionally protected right to a certain cell within the prison. See id. (prisoner has no constitutionally protected right to be housed at a particular prison facility). Thus, the district court properly granted summary judgment on this claim. See Tzung, 873 F.2d at 1339-40.
 
 2. Retaliation Claim
 
 12
 In his complaint, Wright also alleged that the cell transfer was ordered in retaliation for his exercise of his first amendment rights, namely his right to file grievances against prison officials.[1] To state a section 1983 claim based on retaliation for exercising a constitutionally protected right, the plaintiff must alleged that (1) the type of activity he was engaged in fact constitutionally protected and (2) that the state officials impermissibly infringed upon this protected right. See Rizzo, 778 F.2d at 531. Absent factual support, bare allegations of retaliation are not enough to avoid dismissal. Id. at 532 n. 4.
 
 
 13
 Moreover, because Wright is a prisoner, his "rights may be permissibly restricted by prison authorities because of the need to maintain order ... and discipline, maintenance of institutional security, and rehabilitation of prisoners." Id. at 532 (citing Procunier v. Martinez, 416 U.S. 396, 412 (1974)). Thus to succeed on a retaliation claim, a prisoner must do more than allege retaliation by prison authorities because of the prisoner's exercise of a constitutionally protected right; the prisoner must show that the "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id.
 
 
 14
 Here, even if we were to assume, as the district court did, that an inmate's right to file prison grievances is constitutionally protected, Wright has failed to raise a genuine issue of material fact as to whether his transfer to another cell block in the prison's general population was in retaliation for his filing prison grievances rather than to advance a legitimate penological interest.
 
 
 15
 In affidavits submitted by Evans, Edwardson, and Woodley, they state that Wright was not transferred in retaliation for his filing of grievances, but was transferred to alleviate tension between Wright and the prison personnel in the unit and to give Wright a "fresh start." Despite Wright's claims to the contrary, this decision advances legitimate penological interests, including maintenance of order in the prison and institutional security. See Procunier, 416 U.S. at 412; Rizzo, 778 F.2d at 532. Accordingly, the district court did not err by granting summary judgment on this issue. See Tzung, 873 F.2d at 1339-40.
 
 II
 Discovery
 
 16
 Wright contends that the district court erred by granting summary judgment in favor of the defendants without allowing him adequate discovery. We review discovery rulings for abuse of discretion. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Although we generally disfavor summary judgment if relevant evidence remains to be discovered, the burden is on the nonmoving party to show what material facts would be discovered that would preclude summary judgment. Id. Here, Wright failed to show what specific facts he hoped to discover which would have enabled him to withstand summary judgment. Accordingly, the district court did not abuse its discretion by granting summary judgment without allowing Wright further discovery. See id.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wright also alleges that Washington State Reformatory ("WSR") and Division of Prison ("DOP") regulations create a constitutionally protected right to file prison grievances. Because we find that the district court's grant of summary judgment was proper even if Wright has a constitutionality protected right to file prison grievances, we need not decide whether Washington state has created a protected right to file prison grievances